UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-cr-20792-KING

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

GEOVANYS GUEVARA,

    Defendant.
_____/

## ORDER DENYING MOTIONS FOR JUDGMENT OF ACQUITTAL AND FOR A NEW TRIAL

THIS CAUSE comes before the Court upon two post-trial motions filed by Defendant, (DE 85 & DE 86), which seek either a judgment of acquittal or a new trial.

A jury found Guevara guilty on three counts of causing or attempting to cause the filing of a false report of cash payments received in a trade or business under 31 U.S.C. § 5324(b)(2). Under that statute and subsection, "No person shall, for the purpose of evading the reporting requirements of section 5316 . . . file or cause or attempt to cause a person to file a report required under section 5316 that contains a material omission or misstatement of fact."

Briefly summarized, evidence was adduced at trial that Guevara orchestrated certain purchases of cars from Sanfer Sports Cars Inc. ("Sanfer"), whereby he paid for, took possession of, and used the cars as his own, but instructed his friend, E.Q., to make the purchases, i.e., stand in as a "straw buyer." The Government convinced the jury that, through this activity, Guevara "caused or attempted to cause" Sanfer to file I.R.S. Forms 8300 that

contained material omissions or misstatements of fact; namely, they contained statements reflecting that E.Q. was the true owner of the car.

Guevara moves for judgment of acquittal or a new trial, based on an insufficiency of evidence of the second element of the crime: "That the Defendant knowingly caused or attempted to cause a non-financial trade or business to file a report that contained a material omission or misstatement of fact." *See* DE 79, at 8.

The first ground alleged to support a finding of insufficiency is that there is no evidence he "ever tried to persuade, influence, coax, encourage, convince, threaten, or request Sanfer Sports Cars Inc. to file an I.R.S. Form 8300 that contained a material omission or misstatement of fact." This argument fails, however, because none of these acts is an element of the offense. Rather, Congress employed the term "cause." A reasonable jury may have found that Guevara "caused" (i.e., made happen or brought about) the illegal acts through his orchestration of and participation in the sales for which E.Q. stood in as a straw buyer.

The second ground alleged to support a finding of insufficiency is that the Government offered no direct evidence of causation. This argument is untenable. The Court correctly instructed the jury on the law when it told them that they "shouldn't be concerned about whether the evidence is direct or circumstantial" and that "[t]here is no legal difference in the weight you may give to either direct or circumstantial evidence." *See* DE 79, at 4.

Guevara's main argument for insufficiency is that the Government failed to introduce the 8300 Forms that the car dealership filed; and that what the Government did introduce should not have been admitted.

2

It is true that the Government did not admit the original 8300 Forms. Instead, for each of the 8300 Forms that are the subject of the indictment, the Government introduced, as Government's Exhibit 1, an "8300 Transcript," together with a Certificate of Official Record, signed by Lynda K. Gammon, Chief of Law Enforcement Support Section of the United States Department of the Treasury's Financial Crimes Enforcement Network ("FinCEN"). Gammon "certif[ied] that the annexed records were retrieved at my direction, and are true and complete transcripts of information reported on" the 8300 Forms.

Guevara's argument about the admissibility of the 8300 Transcripts may have some merit, in that the Transcripts are neither the "original," Fed. R. Evid. 1002, nor are they "copies" of the (original) official record "certified as correct." Fed. R. Evid. 1005.

Nevertheless, the Court concludes that no basis has been shown for a judgment of acquittal or a new trial. Even if the Government's failure to admit the 8300 Forms translates into an insufficiency of evidence that Guevara "caused" the 8300 Forms to be filed, there was sufficient evidence that that Guevara "attempted to cause" the forms to be filed, though his orchestration of and participation in the sales for which E.Q. stood in as a straw buyer. "Quite simply, the law is well established that where an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means, and accordingly the jury instruction may properly be framed in the disjunctive," as the jury instruction was here. *See United States v. Simpson*, 228 F.3d 1294, 1300 (11th Cir. 2000); *see also United States v. Stone*, 9 F.3d 934 (11th Cir. 1993) ("the lesson of *Griffin* [*v. U.S.*, 502 U.S. 46 (1991),] is that due process is not violated when 'a trial

court instruct[s] a jury on two different legal theories, one supported by the evidence, the other not.'") (quoting *Sochor v. Florida*, 504 U.S. 527, 538 (1992)).

This "well established" principle is also sufficient to reject Guevara's argument (for which he did not provide a memorandum of law) that 31 U.S.C. § 5324(b)(2) is unconstitutional for providing two alternative ways to violate it.

Therefore, it is **ORDERED, ADJUDGED, and DECREED**:

1. Defendant's Motions for judgment of acquittal or new trial, **(DE 85) & (DE 86)**, be, and the same are, hereby **DENIED**.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 24th day of August, 2015.

*[signature]*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:    All Counsel of Record